IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2005 NOV 17  PM 3:22
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| THE STATE OF TEXAS § <br> *ex rel.* § <br> § <br> VEN-A-CARE OF THE § <br> FLORIDA KEYS, INC., § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> ABBOTT LABORATORIES INC., et al., § <br> § <br> Defendants. § | Civil Action No. A-05-CA-897-LY |

### DEFENDANTS' SUR-REPLY
### TO PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

Like their opening brief, Plaintiffs' Reply in support of remand generates more heat than light.[1] But Plaintiffs' rhetoric, and the numerous liberties Plaintiffs take with the facts and the law, only underscore how thin their legal position is in light of *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363 (2005) -- and how desperate they are to avoid allowing Judge Saris to rule on the issue. This Court should not be so distracted. The best course is to allow Judge Saris to decide remand. If this Court chooses to do so, however, it should confirm the Abbott Defendants' Congressionally-bestowed right to a federal forum, and deny Plaintiffs' motion.

*First*, Plaintiffs' new argument that the Fifth Amended Complaint does not present a disputed substantial issue of federal law is incongruous. *See* Pls. Reply at 2. Judge Saris has already ruled to the contrary in a similar Medicaid and Medicare pricing case. *See Montana v. Abbott Labs.*, 266 F. Supp. 2d 250, 255 (D. Mass 2003). Plaintiffs' entire physician

---

[1] Additionally, in their Reply, Plaintiffs have (1) improperly included arguments not advanced in their opening brief, and (2) as with their opening brief, once again ignored this Court's rules and exceeded the prescribed page limits without first seeking leave of Court.

reimbursement claim is predicated on the allegation that the Abbott Defendants' actions somehow caused the "Medicare AWP" (which Texas Medicaid chose to use when reimbursing physicians for prescription drugs) to be false. *See* Pls. 5th Am. Pet. ¶ 5.7-5.8. The Abbott Defendants assert that the "Medicare AWP" was not false -- a position which is supported by numerous federal pronouncements regarding AWP. Thus, the issue is substantial and disputed. Plaintiffs' attempt to minimize the importance of this issue is disingenuous. *See* Pls. Reply at 3. The meaning of "Medicare AWP" is indeed the crux of Plaintiffs' physician reimbursement claim.

Furthermore, the meaning of Medicare AWP is a disputed substantial question of *federal law*. In order to resolve the veracity of Plaintiffs' allegation, a court first must determine the meaning of "Medicare AWP" under federal statutes and regulations. Plaintiffs themselves admit that the Medicare AWP is determined by the Centers for Medicare and Medicaid Services -- a federal agency. *See* Pls. 5th Am. Pet. ¶ 5.7. Plaintiffs are correct that no statute or regulation explicitly defines the term "average wholesale price" as used in the federal Medicare program. *See* Pls. Reply at 2-3. But this only begs the question of what exactly is a Medicare AWP and highlights the necessity of a federal court to interpret numerous federal statutes, regulations and reports to discern the meaning of Medicare AWP. Indeed, that is the very process underway in MDL 1456 before Judge Saris.

*Second*, Plaintiffs' accusation that "Abbott argues out of both sides of its mouth" rings hollow, especially considering it is Plaintiffs, not the Abbott Defendants, that have done an about face with respect to their position regarding transfer to MDL 1456.[2] *See* Pls. Reply at 3. As

---

[2] Plaintiffs' basis for the accusation that "Abbott argues out of both sides of its mouth" is misplaced and appears to be the result of Plaintiffs' fundamental misunderstanding regarding the differences among various Medicaid AWP cases. In the portion of the Wisconsin Motion to Dismiss brief to which Plaintiffs cite in support of this assertion, defendants discussed the use of the terms "Average Wholesale Price" and "Wholesale Acquisition Cost" as used by the Wisconsin Medicaid program. These terms are undefined in Wisconsin statutes and regulations. The State of Wisconsin, unlike Plaintiffs here, is not contending that its Medicaid program used the *Medicare* AWP calculated by Centers for Medicare and Medicaid Services.

previously mentioned in the Abbott Defendants' Motion to Stay, Plaintiffs actually sought transfer to MDL 1456 in a Medicaid pricing case similar to this one, *State of Texas*, ex rel. *Ven-A-Care of the Florida Keys, Inc. v. Roxane Laboratories Inc.* et al, Case No. A-03-CA-663-SS. Moreover, Plaintiffs sought a stay of all proceedings pending that transfer. Plaintiffs have not even attempted to argue why this case should proceed differently.

*Third*, Plaintiffs' allegations that the Abbott Defendants "selectively removed some cases" and that Abbott Defendants' "professed goal of uniformity is an illusion" are simply false. *See* Pls. Reply at 8. Of the ten cases Plaintiffs cite in support of this claim, Abbott Laboratories Inc. and/or Abbott Laboratories is not a defendant in six of those cases.[3] In two of the remaining cases, Judge Saris previously found that federal jurisdiction existed, but remanded the cases because of procedural defects not present in this case. Thus, those two cases were unaffected by *Grable*. In yet another case, Plaintiffs did not raise a claim relating to Medicare statutes and regulations that are the basis for jurisdiction in this case.

On the other hand, MDL 1456 currently contains Medicaid and Medicare pricing cases brought by the States of Montana, Nevada, California and Florida.[4] Cases brought by the States of New York, Kentucky and Illinois will most likely be there shortly. Like this case, none of these cases contain anything other than state statutory and common law claims. Clearly, the interests of judicial economy require that this case also be transferred to MDL 1456.

*Fourth*, Plaintiffs continue to misinterpret *Grable* -- *Grable* is not an exception to *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986). Because the Abbott Defendants described the requirements of *Grable* as applied to this case at length in their Opposition to Plaintiffs'

---

[3] Defendant Hospira, Inc. is not named in any of these ten cases.

[4] In footnote 2 of their Reply, Plaintiffs fail to cite the *Florida* case, which is currently before Judge Saris, as one of the cases that was removed post-*Grable*. It is unlikely that Plaintiffs simply "forgot" about this case given that Plaintiff Ven-A-Care of the Florida Keys, Inc. is also a plaintiff in the *Florida* case.

Motion to Remand, we will not repeat those efforts here. Simply stated, this Court has subject matter jurisdiction over this case pursuant to *Grable* because: 1) interpretation of the term Medicare AWP is a disputed substantial question of federal law; and 2) exercising federal jurisdiction over statutory claims brought by a State Attorney General to recover millions of state and federal funds will not disturb any congressionally approved balance of federal and state judicial responsibilities. Indeed, this is precisely the type of case that the federal courts should hear.

As demonstrated above, the factual and legal nuances of this case as well as other Medicare and Medicaid pricing cases are quite complex -- which weighs heavily in favor of staying the proceedings in this case until it is transferred to Judge Saris. Nevertheless, before Judge Saris or this Court, Plaintiffs' Motion to Remand should be denied.

Dated: November 17, 2005

Of Counsel:
Daniel E. Reidy
James R. Daly
Tara A. Fumerton
JONES DAY
77 West Wacker
Chicago, IL 60601-1692
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

Toni-Ann Citera
JONES DAY
222 East 41st Street
New York, NY 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Respectfully submitted,

_/s/ D. Douglas Brothers_
D. Douglas Brothers
Texas State Bar No. 03084500
Gary L. Lewis
State Bar No. 012277490
GEORGE & BROTHERS, L.L.P.
1100 Norwood Tower
114 West 7th Street
Austin, Texas 78701
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

*ATTORNEYS FOR DEFENDANTS ABBOTT LABORATORIES INC., ABBOTT LABORATORIES, AND HOSPIRA, INC.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via U.S. Mail on this, the 17th day of November, 2005, on the following:

Raymond C. Winter
Assistant Attorney General
State of Texas
P. O. Box 12548
Austin, Texas  78711

Mr. Merle M. DeLancey
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street NW
Washington, DC  20037-1526

Mr. C. Jarrett Anderson
Anderson LLC
1300 Guadalupe, Suite 103
Austin, Texas  78701

Mr. John McDonald
Locke, Liddell & Sapp, LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201-8001

Mr. James J. Breen
The Breen Law Firm
P. O. Box 297470
Pembroke Pines, Florida  33029-7470

Mr. John E. Clark
Goode Casseb Jones Riklin Choate & Watson
2122 North Main Avenue
P. O. Box 120480
San Antonio, Texas  78212-9680

_/s/ Jay H L_____